| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

United States District Court
Southern District of Texas
**ENTERED**
July 12, 2016
David J. Bradley, Clerk

| | | |
|---|---|---|
| Leland Schuetz, *on behalf of himself and all others similarly situated,* | § § § § § § § § § § § § | |
| Plaintiffs, | | |
| *versus* | | Civil Action V-15-67 |
| Gulf Bend Center, | | |
| Defendant. | | |

# Opinion on Partial Summary Judgment

1. *Background.*

From 2011-2014, Leland Schuetz worked as a case manager for Gulf Bend Center. After some shifts, he had to remain on call. While on call he (a) carried a Gulf Bend cellular phone, (b) could not consume alcohol, and (c) was required to arrive within sixty-minutes at the service location if a patient required a face-to-face meeting. He says that Gulf Bend's large service area required him to respond to calls within seven to eight minutes which prohibited him from making dinner at home or eating in a restaurant, and stopped him from participating in family activities. He also says that he could not spend time in public places because the calls he might have received were confidential. He says that his time was so restricted that he was unable to use it for his own purposes.

2. *On Call.*

On-call time spent by an employee at locations of his choosing is not "working time" when the employer is not called to work.[1] To be entitled to compensation for idle time, the employee must establish the he had no freedom to use his time how he would have liked.

---

[1] See *Bright v. Houston Northwest Medical Center Survivor, Inc.*, 934 F.2d 671 (5th Cir. 1991).

Schuetz says that he was unable to spend time in public, cook meals, or meaningfully engage with his family because he was restricted by Gulf Bend. He also says he was unable to sleep at night because of the frequency of the phone calls. Although he parrots facts that other courts have found meaningful, the actual restrictions set by Gulf Ben were not – as a matter of law – unduly restrictive.

Idle time does not mean that Schuetz had the same flexibility as if he were not on call, it means that he can spend his time doing other things than waiting by the telephone to engage his employer. While on call, in the four years preceding his complaint, Schuetz received no more than three telephone calls per week and was required to travel to face-to-face meetings no more than twice per week. He could also freely exchange on-call shifts with other case managers. These restrictions were minimal in time and obligation; they were not so rigid as to prohibit him from using his own time for his own purposes.

3. *Conclusion.*

Because he was free to use his idle time as he pleased, he will not be compensated for the time he was on call but not called to work by Gulf Bend.

Signed on July 12, 2016, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge